IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DONALD O. BARNETT,

    Plaintiff,

vs.                                                               Civ. No. 98-1215 HB\LCS

**KENNETH S. APFEL,**
**COMMISSIONER OF SOCIAL SECURITY,**

    Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

### Proposed Findings

    1. This matter comes before the Court upon Plaintiff's Motion to Reverse or Remand the Administrative Decision, filed on July 1, 1999. The Commissioner denied Plaintiff's request for supplemental security income benefits. Plaintiff alleged a disability due to a heart condition.

    2. The Commissioner denied Plaintiff's application for benefits both initially and on reconsideration. After conducting an administrative hearing, the Commissioner's administrative law judge (ALJ) likewise denied the application. The Appeals Council did not review the ALJ's decision, thus the final decision of the Commissioner is the ALJ's decision. Plaintiff now seeks review of that final decision pursuant to 42 U.S.C. §405(g).

    3. The standard of review in social security appeals is whether the Commissioner's final decision, in this case the ALJ's decision, is supported by substantial evidence. *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993)(citations omitted). Additionally, the Commissioner's final decision can be reversed if the ALJ failed to apply the correct legal tests. *Id*.

1

(citation omitted).

4. Plaintiff raises the following allegations of error with respect to the ALJ's decision: 1) the ALJ erred in determining that Plaintiff exaggerated the severity of his impairments; and (2), the ALJ's determination at step five of the sequential evaluation process that the Plaintiff can do other work in the national economy is not supported by substantial evidence.

5. "To qualify for disability benefits, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity." *Id*. at 1486 (citing 42 U.S.C. §423 (d)(1)(A)). To determine disability, the Commissioner has established a five step sequential evaluation process. *Id.* The sequential evaluation process ends if at any step the Commissioner finds that the claimant is disabled or not disabled. *Id*. (citations omitted).

6. Step five of the sequential evaluation process is at issue in this case. At step five, the burden shifts to the Commissioner to show that the claimant had an RFC to do work in the national economy, other than past relevant work, as of the applicable time period. 20 C.F.R. §416.960.

7. In the present case, the applicable time period is from January 24, 1997 to June 12, 1997. On January 24, 1997, Plaintiff's treating physician released him to return to return to his previous work as a truck driver, but placed a lifting restriction of not more than 20 lbs. Because of this lifting restriction, the ALJ found that Barnett was not able to return to his former job as a truck driver. However, interpreting Barnett's physician's release as releasing him to at least sedentary work, the ALJ applied the "grids" found at 20 C.F.R. Part 404, Subpart P, Appendix 2, Table 1. Finding that Plaintiff met the criteria of Rule 201.21, ( age 45-49, highscool graduate,

previous work skills not transferable) and that that rule required that Barnett be found not disabled, the ALJ so found.

8. Barnett provides no reason why the ALJ's reliance on the grids was inappropriate. He offers no evidence that he did not meet the criteria of Rule 201.21. He does not dispute the statements in his treating physician's January 24, 1997 release, or the ALJ's interpretation of those statements. Accordingly, the Court has no basis upon which to reverse the ALJ's decision.

### Recommended Disposition

I recommend denying the Plaintiff's Motion to Reverse or Remand the Administrative Decision. Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendations. A party must file any objections with the Clerk of the United States District Court for the District of New Mexico, 333 Lomas Blvd. NW, Albuquerque, NM 87102, within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
Leslie C. Smith
United States Magistrate Judge